UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

IN RE: MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

------------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBER

205246 (YOOX CORPORATION).

------------------------------------------------------- x

**YNAP CORPORATION'S REPLY IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF SPECIAL MASTER**

1:24-MC-03415-BMC-JAM

1:26-MC-03703-BMC-JAM

**Parties and Representatives:**

Crowell & Moring LLP ("Crowell")
on behalf of YNAP Corporation ("YNAP")
Deborah E. Arbabi
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
darbabi@crowell.com
Counsel for Crowell on behalf of YNAP

Spectrum Settlement Recovery ("Spectrum")
on behalf of Cascade Settlement Services LLC ("Cascade")
Joey Hodges
P.O. Box 480
Irvine, CA 92614
(415) 263-9177
clientservice@spectrumsettlement.com
Representative of Spectrum

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Spectrum Mischaracterizes *ADT* by Treating an Expressly Reserved Merger Inquiry as a Categorical Rule of Claim Ownership. ........ 1

1. The Court's May Orders Did Not Decide the Acquired-Claim Question. ........ 1

2. The Final Judgment Followed ADT's Admission That It Acquired Protection One's Settlement Interest. ........ 3

B. Judicial Notice of the Delaware Records Does Not Establish Spectrum's Entitlement to the Disputed Claim. ........ 4

C. If the Court Is Inclined to Accept Spectrum's New Merger Theory, Spectrum's Proposed Alternative Procedure Provides the Appropriate Safeguard. ........ 5

III. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cascade Settlement Servs. LLC v. ADT LLC*,
No. 26-cv-00478 (E.D.N.Y. May 11, 2026), ECF No. 45 .......... 2, 4

*Cascade Settlement Servs. LLC v. ADT LLC*,
No. 26-cv-00478 (E.D.N.Y. May 21, 2026), ECF No. 48 .......... 2, 3, 6

*Cascade Settlement Servs. LLC v. ADT LLC*,
No. 26-cv-00478 (E.D.N.Y. June 10, 2026), ECF No. 51 .......... 3

*Cascade Settlement Servs. LLC v. ADT LLC*,
No. 26-cv-00478 (E.D.N.Y. July 7, 2026), ECF No. 53 .......... 3

**Other Authorities**

Fed. R. Evid. 201 .......... 4

Fed. R. Evid. 201(b) .......... 4

Fed. R. Evid. 201(e) .......... 4

## I. INTRODUCTION

Spectrum Settlement Recovery ("Spectrum") has not established that its 2013 purchase of YOOX Corporation's ("YOOX") claim in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation* ("*MDL 1720*") reaches the separately arising settlement interests of Net-A-Porter or YOOX Net-A-Porter Corporation ("YNAP"). Neither the Delaware corporate records nor *Cascade Settlement Servs. LLC v. ADT LLC* resolves that question. The Delaware records confirm only which entity survived the 2015 merger; they say nothing about whether the operative merger agreement conveyed Net-A-Porter's independently accruing *MDL 1720* claim to YOOX or whether any such transfer then passed to Cascade Settlement Services ("Cascade") under the 2013 Asset Purchase and Sale Agreement ("APA"). And *ADT* does not fill that gap; the Court's May 11 Order expressly reserved the acquired-claim question, and the subsequent declaratory judgment followed ADT's own admission that it had acquired Protection One's settlement interest—an admission Spectrum cannot manufacture here, and a question that cannot be resolved on a Certificate of Merger alone. Spectrum's new materials do not cure the flaws in the Special Master's Report and Recommendation ("Report"). The Court should sustain YNAP's objection to the Report ("Objection") on the existing record—and if it is inclined to accept Spectrum's merger theory, it should require production of, and briefing on, the operative merger agreement before resolving that issue adversely to YNAP.

## II. ARGUMENT

### A. Spectrum Mischaracterizes *ADT* by Treating an Expressly Reserved Merger Inquiry as a Categorical Rule of Claim Ownership.

#### 1. The Court's May Orders Did Not Decide the Acquired-Claim Question.

The issue decided in the May 11 Order was straightforward: whether the Asset Purchase and Sale Agreement's ("APSA") definition of "Litigation" limited Cascade's purchase to

recovery under the Second Amended Complaint, such that a subsequent amended complaint destroyed the purchased interest.[1] The Court rejected that interpretation and held that the agreement concerned the class action as a lawsuit, "untethered to any specific complaint."[2] Its discussion of "open-ended, forward-looking language" addressed that question.[3] It did not decide whether an acquired merchant's independently arising claim became property subject to the assignment.[4]

The Court expressly reserved that separate question in footnote 1. It identified "what impact ADT's merger with another entity, Protection One, has on Cascade's right to ADT's settlement funds[,]" recognized the entities' ostensibly independent pre-merger interests, and stated that it was "conceivable" the merger terms gave Protection One's interest to ADT.[5] The Court then explained: "This issue was not briefed, however, and will presumably turn on the terms of the merger."[6] That reservation does not establish Spectrum's entitlement to the disputed settlement interest here.

The May 21 Order confirms the point. The Court expressly stated that it "did not rule" on the merger's impact and again explained that the issue would presumably turn on the merger terms.[7] It rejected discovery seeking Cascade's assessment of the settlement shares because the requests sought nonparties' interpretation of the merger agreement.[8] The Court further explained that a dispute over whether a particular 'res' falls within an unambiguous contractual term does

---

[1] Memorandum Decision and Order at 2, n.1, 7–9, *Cascade Settlement Servs. LLC v. ADT LLC*, No. 26-cv-00478 (E.D.N.Y. May 11, 2026), ECF No. 45 ("*ADT May 11 Order*").
[2] *Id.* at 2.
[3] *Id.* at 7.
[4] *Id.* at 2, 7–9.
[5] *Id.* at 2, n.1.
[6] *Id.*
[7] Order at 2, *Cascade Settlement Servs. LLC v. ADT LLC*, No. 26-cv-00478 (E.D.N.Y. May 21, 2026), ECF No. 48 ("*ADT May 21 Order*").
[8] *Id.*

not make that term ambiguous.[9] The Court thus distinguished the clarity of the assignment's language from the question whether a particular property interest falls within its scope.[10] Spectrum's contrary reading collapses the very distinction the Court drew.

**2. The Final Judgment Followed ADT's Admission That It Acquired Protection One's Settlement Interest.**

Spectrum's reliance on the final declaratory judgment omits the critical intervening pleading. After the May Orders, ADT filed an amended answer expressly admitting that "when Protection One merged with ADT LLC, ADT LLC obtained the right to recover Protection One's settlement funds in the Visa Antitrust Litigation."[11] That admission supplied the acquisition premise the Court had previously left open.

Paragraph 8 of the final declaratory judgment follows that premise: "Because ADT acquired Protection One's interest in the Litigation, that interest also belongs to Cascade under the APSA."[12] The judgment thus reaches Protection One's claim, but it does so on a record in which ADT admitted acquiring that claim. Neither the May Orders nor the judgment analyzes the merger agreement or holds that the identity of a surviving corporation, standing alone, resolves the disposition of a particular claim in every subsequent dispute.

The distinction defeats Spectrum's attempt to treat *ADT* as conclusive here. An admission that a party acquired a specific settlement interest is not the equivalent of a registry entry identifying a surviving corporation. ADT's admission established the premise for applying the APSA to Protection One's interest. Spectrum has not established the corresponding premise for Net-A-Porter or YNAP's disputed claim on this record. Spectrum cannot treat ADT's admission

---

[9] *Id.*
[10] *Id.*
[11] Amended Answer at 3, ¶ 26, *Cascade Settlement Servs. LLC v. ADT LLC*, No. 26-cv-00478 (E.D.N.Y. June 10, 2026), ECF No. 51.
[12] Declaratory Judgment at 2, ¶ 8, *Cascade Settlement Servs. LLC v. ADT LLC*, No. 26-cv-00478 (E.D.N.Y. July 7, 2026), ECF No. 53.

in a different transaction as establishing its entitlement to separately arising settlement interests of Net-A-Porter and YNAP here.

*ADT* is further distinguishable because it arose in a materially different procedural posture. It was an independent diversity contract action, filed in California state court, removed to the Northern District of California, and transferred to this Court because of its relation to the class action. YNAP, by contrast, challenges a Special Master's recommendation concerning registration of a taxpayer identification number within the settlement proceedings. Although the contract reasoning in *ADT* may inform this dispute, its disposition cannot be transposed wholesale to this procedurally distinct proceeding.[13]

### B. Judicial Notice of the Delaware Records Does Not Establish Spectrum's Entitlement to the Disputed Claim.

Spectrum's request for judicial notice of the Delaware records confuses the existence of those filings with the legal consequences it seeks to draw from them. Federal Rule of Evidence 201 permits notice of an adjudicative fact not subject to reasonable dispute.[14] It also entitles YNAP to be heard on "the nature of the fact to be noticed."[15] The question is whether the contents of the Delaware records establish the ultimate claim-ownership conclusion Spectrum asks the Court to adopt. They do not. The Court should decline Spectrum's request for judicial notice because the Delaware records do not resolve the assignment-scope question presented by YNAP's Objection.

YNAP also notes that the Delaware records were not part of the record before the Special Master—they were submitted for the first time with Spectrum's Opposition—and YNAP has not had a full opportunity to respond to them with its own documentary evidence. YNAP reserves

[13] *ADT May 11 Order* at 1–2.
[14] Fed. R. Evid. 201(b).
[15] Fed. R. Evid. 201(e).

the right to do so if the Court is inclined to treat those records as resolving the merger terms question the Court identified in *ADT* as dispositive.

Spectrum submitted two Delaware records with its October 27, 2026, Opposition in support of its corporate-succession argument.[16] Exhibit A certifies the filing of a certificate describing The Net-A-Porter Group LLC as merging "with and into" YOOX Corporation "under the name of" YNAP Corporation.[17] Exhibit B is a webpage printout whose filing history includes "Merger YOOX CORPORATION [Survivor]" and which expressly states that it is "NOT AN OFFICIAL CERTIFICATE OF STATUS."[18] Neither exhibit reproduces the underlying merger filing or establishes the consequences Spectrum attributes to the transaction. The question remains whether the 2013 APA reaches the particular settlement interests Spectrum now claims.

Neither Delaware record identifies the disputed *MDL 1720* settlement interests, sets out any claim-disposition provision, or addresses related transfers. Even assuming the Delaware records establish the corporate succession Spectrum describes, they do not establish that the 2013 APA reaches the separately arising settlement interests at issue. The Court may take notice of the merger's effective date and the survivor's identity without accepting the ownership conclusion Spectrum draws from those facts—an assertion that requires a separate APA analysis the Delaware records do not supply.

### C. If the Court Is Inclined to Accept Spectrum's New Merger Theory, Spectrum's Proposed Alternative Procedure Provides the Appropriate Safeguard.

YNAP's primary position remains that the Court should sustain its Objection on the

---

[16] Declaration of Kassra P. Nassiri in Support of Cascade Settlement Services LLC, Carmel VI Claim, LLC, and Spectrum Settlement Recovery's Opposition to YNAP Corporation's Objections to Report and Recommendation of Special Master ¶¶ 2–3 (Oct. 27, 2026), ECF No. 4-1 ("Nassiri Declaration"), Exs. A–B, ECF Nos. 4-2 and 4-3.
[17] Nassiri Declaration ¶ 2, Ex. A, ECF Nos. 4-1, 4-2 at 2.
[18] Nassiri Declaration ¶ 3, Ex. B, ECF Nos. 4-1, 4-3 at 2.

existing record. If the Court is nevertheless inclined to accept Spectrum's new merger theory against YNAP, footnote 48 in the Opposition identifies an available alternative procedure: production of the complete 2015-2016 merger agreements before resolving that theory against YNAP. That conditional procedure is consistent with the inquiry preserved in *ADT*.

Spectrum's reliance on the *ADT* discovery ruling conflates examination of the operative merger terms with discovery into a nonparty's interpretation of those terms. The Court's rejection of the latter does not foreclose the former. Nor does the APA's forward-looking language answer whether Net-A-Porter's disputed claim was acquired and passed to Cascade. The scope of the assignment and the acquisition of the particular interest are distinct inquiries. The *ADT* discovery ruling does not foreclose the conditional procedure YNAP requests here.[19]

YNAP does not retreat from its position that the existing record provides a sufficient basis to sustain its Objection and decline to adopt the Report. The Court need not accept Spectrum's newly presented merger theory to decide the question raised by that Objection. YNAP's alternative request concerning the merger documents arises only if the Court is inclined to rely on Spectrum's new materials to conclude that Net-A-Porter's independently arising claim passed to Cascade. In that event, the Court should not resolve that additional issue adversely to YNAP without permitting examination and briefing of the operative transaction documents. That conditional request neither concedes that supplementation is necessary to sustain the Objection nor withdraws any relief previously requested. The Objection separately requested transactional data to implement proportional apportionment; that request does not make additional merger evidence a prerequisite to sustaining the Objection.

---

[19] *ADT May 21 Order* at 1–2; Opposition to YNAP Corporation's Objection to Report and Recommendation of Special Master at 10 (Oct. 27, 2026), ECF No. 4.

## III. CONCLUSION

For the foregoing reasons, YNAP respectfully requests that the Court sustain its Objection on the existing record and grant the relief requested in its opening submission, including declining to adopt the Report and retaining jurisdiction to determine proper apportionment.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Deborah E. Arbabi*

Deborah E. Arbabi
DArbabi@crowell.com

CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Tel: (949) 263-8400

*Counsel for YNAP Corporation*

**WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document contains 1,813 words as calculated by the word processing software used to prepare the document, including footnotes but excluding the caption, table of contents, table of authorities, and signature block, and therefore complies with the word count limit in Local Civil Rule 7.1(c) and Individual Practice III.C.1.

*/s/ Deborah E. Arbabi*
Deborah E. Arbabi